**Abatement Order filed February 6, 2014.**



In The

# Fourteenth Court of Appeals

_____

**NO. 14-13-01054-CR**

_____

## EX PARTE PATRICIA LORRAINE HOPSON

---

**On Appeal from the County Criminal Court at Law No. 10
Harris County, Texas
Trial Court Cause No. 1904028**

---

## ABATEMENT ORDER

This is an appeal from the denial of an application for writ of habeas corpus. The trial court certified that appellant, who is pro se, has the right to appeal. The reporter's record in this case was due **December 4, 2013,** but it was not filed and no motion for extension of time was filed. *See* Tex. R. App. P. 35.1. On December 23, 2013, this court ordered **Bonnie Rodriquez,** the official court reporter, to file the record within 10 days.  No response was filed.

On January 15, 2014, this court again ordered **Bonnie Rodriquez** to file the record within 10 days, and the order instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file the record. The record has not been filed

with the court. No request for an extension of time, notice that no record was reported, notice of non-payment, or any other response has been filed.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). Because the court reporter has not responded to this court's orders to file the reporter's record, we issue the following order:

We direct the judge of the **County Criminal Court at Law No. 10** to conduct a hearing at which the court reporter, appellant and/or appellant's counsel, if any, and appellee's counsel shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. **If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.**

PER CURIAM

2